# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2020

Lyle W. Cayce
Clerk

No. 19-50305

United States of America,

*Plaintiff—Appellee*,

*versus*

Mario Gonzalez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CR-292-4

Before Barksdale, Elrod, and Ho, *Circuit Judges*.

Per Curiam:*

Mario Gonzalez appeals the district court's denial of his motion for reduction of sentence (commonly known as a motion for compassionate release) under the First Step Act. The district court found "no compelling or extraordinary reasons that warrant a reduction," and so it denied the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-50305

motion.   Because the district court did not abuse its discretion in its determination, we AFFIRM.

## I.

Gonzalez is currently serving a 235-month sentence for conspiracy to possess cocaine with an intent to distribute.  Gonzalez seeks relief from this sentence through a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) because "[h]e is currently on dialysis."   Section 3582(c)(1)(A)(i) allows a federal court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction."

The district court denied the motion because it found "no compelling or extraordinary reasons that warrant a reduction."[1]  The court determined that Gonzalez's dialysis did not, by itself, warrant early release.  Gonzalez now appeals that denial, asserting that the district court erred by treating United States Sentencing Guidelines § 1B1.13 as binding.  In lieu of filing an appellee's brief, the government responded by moving to dismiss or summarily affirm.  We review the district court's decision to deny a motion for reduction of sentence for abuse of discretion. *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

## II.

Gonzalez contends that the district court erred in denying his motion for compassionate release.  Particularly, Gonzalez complains that the district

---

[1] Gonzalez filed his § 3582 motion on March 15, 2019.  The district court denied the motion on March 21, 2019.  In that six-day interval, and for reasons that do not appear in the record, the government did not file a response.  Because the case is easily resolved on the merits, we need not determine whether the case should be dismissed on procedural grounds based on the government's alternative argument on appeal.  The procedural requirements of § 3582 are mandatory but not jurisdictional. *United States v. Franco*, No. 20-60473, at 3 (5th Cir. Sept. 03, 2020).

court erred in its use of Guideline § 1B1.13 to reach this decision. A review of the record belies this complaint. While the district court did cite to and quote Guideline § 1B1.13, it relied on its own judgment in denying Gonzalez's motion: "The Court finds no compelling or extraordinary reasons that warrant a reduction." Contrary to Gonzalez's contention, there is no indication in the district court's order that it treated U.S.S.G. § 1B1.13 "as the dispositive boundary of what may be judicially determined to be extraordinary and compelling reasons for a sentence reduction for medical reasons." Rather, the order's reference to the Guidelines should be fairly read as one step in the district court's own determination of whether extraordinary and compelling reasons warrant a reduction of Gonzalez's sentence. The district court was free to determine that Gonzalez's need for dialysis, without more, was not an extraordinary and compelling reason for compassionate release.[2] *Hernandez*, 645 F.3d at 712 ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court."). Gonzalez has not demonstrated that the district court abused its discretion in making this determination.[3]

---

[2] Gonzalez's motion for reduction of sentence does not explain why Gonzalez's situation is extraordinary and compelling. The motion says simply: "Gonzalez meets the criterias [sic] for serious medical conditions of § 571.64(b) pursuant to 18 U.S.C. § 3582. He is currently on dialysis." Gonzalez provides nothing in his brief that would allow this court to determine that the district court abused its discretion in deciding that no extraordinary and compelling reason was present in this case.

[3] Gonzalez further contends that the district court abused its discretion in denying Gonzalez's motion without a hearing, but this contention lacks merit. An evidentiary hearing is simply not required on a § 3582(c)(2) motion. *United States v. Rendon*, 807 F.Appx 418, 420 (5th Cir. 2020) ("[A]n evidentiary hearing is generally only required in a § 3582(c)(2) proceeding if a factual dispute exists.") Gonzalez's brief does not indicate what evidence Gonzalez would have presented in an evidentiary hearing or what credibility determination the district court needed to resolve in that hearing. There is simply no basis to conclude that the district court abused its discretion.

No. 19-50305

\*      \*      \*

The judgment of the district court is AFFIRMED.

---

Furthermore, because we are not disturbing the district court's order, Gonzalez's motion to instruct the district court to appoint counsel for him on remand is MOOT.